UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE L. MENDOZA,<br><br>    Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>    Defendant. | Case No.  5:22-cv-06032-EJD<br><br>**ORDER REGARDING PARTIES' MOTIONS *IN LIMINE***<br><br>Re: Dkt. Nos. 45, 46, 48, 49, 50, 51 |

On April 16, 2024, the Court held a pretrial conference and issued oral rulings on the Parties' motions *in limine* ("MILs" or "motions"). The Court expands upon those rulings here.

### I. DEFENDANT'S MILS

As an initial matter, Plaintiff informed the Court during the pretrial conference that he stipulates to all of Defendant's MILs. *See* Def. MIL 1, ECF No. 49; Def. MIL 2, ECF No. 50; Def. MIL 3, ECF No. 51. Accordingly, the Court **GRANTS** Defendant's MILs Nos. 1–3 pursuant to the Parties' stipulation.

### II. PLAINTIFF'S MILS

Plaintiff originally filed four MILs. *See* Pl. MIL 1, ECF No. 45; Pl. MIL 2, ECF No. 46; Pl. MIL 4, ECF No. 48. Plaintiff subsequently filed a notice withdrawing MIL No. 3, ECF No. 66, and withdrew MIL No. 4 at the pretrial conference. Thus, the only MILs remaining to be decided by the Court are Plaintiff's MILs Nos. 1 and 2. Defendant opposed both motions. *See* Opp'n to Pl. MIL 1, ECF No. 61; Opp'n to Pl. MIL 2, ECF No. 63.

**A.     Plaintiff MIL No. 1 to Prohibit Improper Expert Testimony by Defendant's Lay Witnesses That Is Not Based on Personal Knowledge.**

Plaintiff moves to prohibit any testimony from Defendant's lay witnesses that is not based on personal knowledge. Pl. MIL No. 1. Specifically, Plaintiff is concerned that Defendant's corporate representative, Daniel Mark, will provide testimony that relies on expert knowledge regarding the Subject Vehicle's defect or that will answer the ultimate question of liability reserved for the jury. *Id.* at 3–4. Plaintiff argues that such testimony would in part violate Federal Rules of Evidence ("FRE") 701, as Mr. Mark has not been designated as an expert witness. *Id.* Defendant objects, arguing that Plaintiff's motion lacks specificity and essentially serves as a request for a broad order mandating that the parties adhere to the rules of evidence. Opp'n to Pl. MIL No. 1. At the pretrial conference, Defendant also argued that Mr. Mark, as the person who was charged with deciding whether or not to repurchase the Subject Vehicle, must be able to discuss the reasons for his decision to deny Plaintiff's request.

The Court **DEFERS** ruling on Plaintiff's MIL No. 1. The Court will issue rulings on the Parties' objections to any improper opinion testimony as they arise during trial.

**B.     Plaintiff MIL No. 2 to Exclude Testimony or Argument that Plaintiff Did Not Make Sufficient Efforts to Request Repurchase or Replacement.**

Plaintiff moves to exclude testimony or argument regarding Plaintiff's failure to make sufficient efforts to have the Subject Vehicle repurchased or replaced prior to filing suit as irrelevant under FRE 402, arguing that Defendant had an affirmative duty to voluntarily repurchase the Subject Vehicle under the Song-Beverly Act. Pl. MIL No. 1. Defendant maintains that it has no intention of arguing that Plaintiff made insufficient efforts to have the Subject Vehicle bought back, conceding that Plaintiff requested a repurchase prior to litigation, which was denied. Opp'n to Pl. MIL 2, at 1. Defendant nevertheless objects to Plaintiff's argument that Defendant had an affirmative duty to voluntarily repurchase the Subject Vehicle.[1] *Id.* at 2–4. However, the Parties represented during the pretrial conference that Plaintiff's efforts to request a

---

[1] Defendant ultimately stated at the pretrial conference that this question regarding affirmative duty is a non-issue at this time.

Case No.:   5:22-cv-06032-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
2

repurchase or replacement are not an issue in this case at this time.

The Court **GRANTS** Plaintiff's MIL No. 2.  Given that information regarding Plaintiff's efforts to request a repurchase or replacement is not an issue in this case, the Court finds such information irrelevant under FRE 402.

### III.  CONCLUSION

Based on the foregoing, the Court **DEFERS** Plaintiff's MIL No. 1, **GRANTS** Plaintiff's MIL No. 2, and **GRANTS** Defendant's MILs Nos. 1–3.  Plaintiff's MILs Nos. 3 and 4 are **TERMINATED** as withdrawn.

**IT IS SO ORDERED.**

Dated: April 17, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-06032-EJD
ORDER REGARDING PARTIES' MOTIONS *IN LIMINE*
3